IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JASON ZEBLEY and | : | CIVIL ACTION |
| ANISSA ZEBLEY, h/w | : | NO. 11-6258 |
| | : | |
| v. | : | |
| | : | |
| POLICE OFFICER BRIAN | : | |
| JUDGE, et al. | : | |

O'NEILL, J.                                                             March 12, 2013

**<u>MEMORANDUM</u>**

      On October 25, 2009, plaintiffs Jason Zebley and Anissa Zebley, who were then husband and wife, departed a bar and restaurant when Jason Zebley was struck by or became engaged in an altercation with an unknown male in or around the establishment's parking lot. During the events that followed, Jason Zebley and Anissa Zebley were both placed into police vehicles and transported to the Ridley Township police station. At the police station Anissa Zebley, who had been taken into custody by defendant Officer Edward Howley, was cited for disorderly conduct, a charge that was later dismissed, and released by the police.

      Jason Zebley was held at the police station. Paramedics were called and he was taken to the hospital for treatment of lacerations to his face. Jason Zebley claims that defendant Officer Brian Judge used excessive force on him when he was taken into custody and that defendant Officers Jason McDevitt and Judge used excessive force on him at the police station. The defendant officers deny that they used excessive force on Jason Zebley and assert that his injuries were sustained in an altercation at the bar. Jason Zebley was charged with public

drunkenness and disorderly conduct, and was later found not guilty of the charges at a hearing before the Court of Common Pleas of Delaware County.

As a result of the events taking place that evening, plaintiffs have filed a lawsuit against defendants Judge, Howley and McDevitt. Anissa Zebley asserts two causes of action against defendant Howley only. First, she contends that she was subjected to an unreasonable seizure and arrest in violation of the Fourth Amendment to the United States Constitution. She also asserts a claim for false imprisonment under state law. Jason Zebley asserts claims under 42 U.S.C. § 1983 against all defendants for false arrest and false imprisonment and for use of excessive force in violation of the Fourth Amendment. Jason Zebley also asserts claims for assault, battery, false imprisonment, malicious prosecution and intentional infliction of emotional distress under state law.

Defendants now seek to preclude the introduction of certain evidence at a trial on plaintiff's claims. I have before me: (1) defendants' motion to preclude testimony or evidence that plaintiffs suffered an intentional infliction of emotional distress (Dkt. No. 15); (2) defendants' motion to preclude evidence by plaintiffs of failure to intervene by the defendants (Dkt. No. 16), (3) defendants' motion in limine to preclude comments made by purportedly unknown officers with respect to plaintiff's condition while seated in the police car (Dkt. No. 17); (4) defendants' motion in limine to preclude evidence that officers McDevitt or Judge used force upon the plaintiff when he was in his cell (Dkt. No. 18) and plaintiff's responses thereto. I will deny defendants' motions at Docket Numbers 15, 17 and 18 and will grant defendants' motion at Docket Number 16 for the reasons that follow.

**DISCUSSION**

I.      **Evidence of Intentional Infliction of Emotional Distress**

Defendants first move to preclude plaintiffs from introducing any evidence or testimony that plaintiffs suffered an intentional infliction of emotional distress.[1] See Dkt. No. 15. Defendants contend that "[p]laintiffs do not have sufficient evidence to present such a claim under Pennsylvania State law." Id. at ECF p. 2. I will deny defendants' motion to preclude evidence of intentional infliction of emotional distress.

"It is well settled that '[m]otions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues,' such as the sufficiency of the evidence to support a claim or defense." Bowers v. Nat'l Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (alteration in original) quoting Natural Res. Def. Council v. Rodgers, No. 88–1658, 2005 WL 1388671, *1 n.2 (E.D. Cal. June 9, 2005). "If a party's motion in limine seeks to preclude all evidence that would support the other party's claims, their motion in limine is essentially acting like a motion for summary judgment." Davis v. Gen. Accident Ins. Co. of Am., No. 98-4736, 2000 WL 1780235, at *4 (E.D. Pa. Dec. 4, 2000), citing Bradley v. Pittsburg Bd. Of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990).

The time for filing a summary judgment motion has passed and defendants did not move for summary judgment on plaintiffs' claims for intentional infliction of emotional distress. Further, I do not have sufficient evidence before me to allow a determination as to whether plaintiffs' evidence will support Jason Zebley's claim for intentional infliction of emotional distress. "The proper vehicle for raising this issue is, if appropriate, a Rule 50 motion after the close of Plaintiff[s'] case at trial." U.S. Fire Ins. Co. v. Omnova Solutions, Inc., No. 10-1085,

---

[1] In response to defendant's motion in limine, plaintiffs stipulated to the withdrawal of plaintiff Anissa Zebley's claim for intentional infliction of emotional distress.

-3-

2012 WL 1593119, at *3 (W.D. Pa. May 7, 2012); see also Davis, 2000 WL 1780235, at *4 (citations omitted) ("At this stage of the proceedings, it is untimely for a summary judgment motion and too early for a motion for judgment as a matter of law.").

II.     **Evidence or Testimony Regarding Failure to Intervene by Officers Judge, McDevitt or Howley**

Defendants move to preclude plaintiffs from presenting evidence or testimony in support of a claim for failure to intervene. See Dkt. No. 16. Defendants contend that preclusion is warranted because plaintiffs have not pled a claim for failure to intervene. Id. at ECF p. 3. I agree. There is no mention of a failure to intervene in plaintiffs' complaint and they did not raise the issue of failure to intervene in their pretrial memorandum. Absent defendants' consent, plaintiffs cannot present to the jury a theory of liability that they have not previously asserted in this action. "Adherence to the rigid theory-of-the-pleadings doctrine has been abolished by the Federal Rules of Civil Procedure." Evans Prods. Co. v. West Am. Ins. Co., 736 F.2d 920, 923 (3d Cir. 1984). However, "relief may be based on a theory of recovery only if the theory was presented in the pleadings or tried with the express or implied consent of the parties." Id. at 923-24, citing Monod v. Futura, Inc., 415 F.2d 1170, 1174 (10th Cir. 1969).

III.    **Comments Made by Unknown Officers with respect to Plaintiff's Condition**

Plaintiff Anissa Zebley claims that while she was in custody in the back of a police car, Ridley Township police officers walked around, directed their flashlight beams into the rear of a second police car containing plaintiff Jason Zebley, and she heard the officers say to bar patrons walking by "Look at him; we gave him an early Halloween costume." Dkt. No. 17 at ECF p. 6. Defendants seek to exclude evidence of this statement as "incompetent" and "unduly inflammatory and prejudicial to the individual Defendants." Id. at ECF p. 3.

I will deny defendant's motion to preclude admission at trial of the Halloween costume comment. I will allow the statement to be admitted provided that during the trial Anissa Zebley can lay a foundation for the statement to be considered a present sense impression pursuant to Rule 803.1 of the Federal Rules of Evidence. Under Rule 803.1 statements "describing or explaining an event or condition made while or immediately after the declarant perceived it" constitute present sense impressions and fall under an exception to the rule against hearsay. Fed. R. Evid. 803.1. In order to qualify for admission under this exception: "(1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous." United States v. Mitchell, 145 F.3d 572, 576 (3d Cir. 1998).

I find that defendants will have a sufficient opportunity to cross examine Anissa Zebley at trial with respect to the statement such that its admission would not be unduly prejudicial under Rule 403. See Fed. R. Evid. 403 (allowing the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

**IV.      Evidence That Officers McDevitt or Judge Used Force Upon the Plaintiff When He Was in His Cell**

Defendants seek to preclude admission of testimony or evidence that either Officer Judge or McDevitt used force upon plaintiff Jason Zebley while he was in his cell. I will deny defendant's motion. Plaintiff Jason Zebley may testify as to his understanding of the events that transpired while he was detained at the police station and defendants may cross-examine him. It is the province of the jury to determine whether Jason Zebley's testimony credibly identifies the police officers who allegedly used excessive force on him while he was in his cell.